UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SF BAY AREA PRIVATE RVS, INC.,<br><br>　　　　Defendant. | Case No. 21-cv-03701-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[Re: ECF 29] |

Plaintiff Andres Gomez, a visually impaired individual, claims that he was unable to access the goods and services offered at a car rental facility located in Fremont, California ("the Car Rental") because the Car Rental's Website was inaccessible to him due to design flaws that prevented him from navigating the Website using screen-reader software. Plaintiff sues Defendant SF Bay Area Private RVS, Inc., which owned or operated the Car Rental and its Website, under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52 ("Unruh Act"). Defendant has failed to appear, and at Plaintiff's request the Clerk of Court has entered default against Defendant. *See* ECF 22.

Now before the Court is Plaintiff's motion for default judgment. *See* ECF 29. Plaintiff has filed a proof of service showing that he served the motion on Defendant, *see* ECF 30, although there is no notice requirement for either the entry of default or Plaintiff's current motion, *see* Fed. R. Civ. P. 55(a), (b)(2). The Court determined that the motion is suitable for decision without oral argument and vacated the hearing that was scheduled for July 14, 2022. *See* ECF 31.

Plaintiff's motion is DENIED without prejudice for the reasons discussed below.

## I. BACKGROUND

In the Complaint, Plaintiff alleges that he is a visually impaired individual who uses JAWS and other assistive technology software to access the internet and websites using his computer. ECF 1 ("Compl.") ¶ 1. Plaintiff is legally blind and cannot use a computer without assistance of screen-reader software ("SRS"). *Id.* Defendant owned or operated the Car Rental located in Fremont, California, and the Car Rental's Website. *Id.* ¶¶ 2-4. The Website offers details about the Car Rental and its services, including rates and availability of vehicles, and allows patrons to quickly book vehicles. *Id.* ¶ 14.

Plaintiff alleges that he was a prospective customer who wished to rent a vehicle at the Car Rental. Compl. ¶ 15. He visited the Website in March 2021 to check out vehicle rental prices, special offers, and promotions. *Id.* ¶ 16. However, when he attempted to navigated the Website, he "encountered numerous accessibility design faults that prevented him from navigating the site successfully using SRS." *Id.* ¶ 17. Plaintiff has made multiple attempts to access the Website, without success. *Id.* ¶ 20. He alleges that he is deterred from trying to use the Website again because of his knowledge of the existing barriers. *Id.* ¶¶ 23, 27. He states that he will return to the Website once it is represented to him that the Car Rental and its Website are accessible. *Id.* ¶ 26.

Plaintiff filed this suit on May 18, 2021, asserting claims under Title III of the ADA (Claim 1) and under the Unruh Act (Claim 2). He seeks declaratory relief, injunctive relief, damages, and attorneys' fees.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After an entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

## III. DISCUSSION

As noted above, the Court has an affirmative duty to determine that it has subject matter jurisdiction before it can grant a motion for default judgment. The Complaint asserts federal question jurisdiction with respect to Plaintiff's ADA claim, and supplemental jurisdiction with respect to his Unruh Act claim. Compl. ¶¶ 7-8. Plaintiff has not established that he has standing to sue under the ADA. For that reason, his motion for default judgment will be denied without prejudice.

"Though its purpose is sweeping, and its mandate comprehensive, the ADA's reach is not unlimited." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (internal quotation marks and citations omitted). "[A]s with other civil rights statutes, to invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Id.* "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Id.* (citing *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)).

In ADA cases, a plaintiff may show a real and immediate threat of repeated injury in two ways: (1) "he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier"; or (2) the "discriminatory architectural barriers deter him from returning to a noncompliant accommodation" which he would otherwise visit in the course of his regular activities. *Chapman*, 631 F.3d at 950. In recognizing the deterrent effect and tester standing doctrines, "the Ninth Circuit did not relax the requirement that the Plaintiff demonstrate real and immediate threat of repeated injury by showing a legitimate intent to visit again the public accommodation in question." *Gastelum v. Canyon Hospitality LLC*, No. 17-CV-2792-PHX-GMS, 2018 WL 2388047, at *6 (D. Ariz. May 25, 2018).

Demonstrating "past exposure to illegal conduct" alone is not sufficient to demonstrate a present case or controversy; instead, "the plaintiff must allege continuing, present adverse effects stemming from the defendant's action." *Civil Rights Educ. And Enforcement Ctr. v. Hospitality*

*Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017). For instance, a plaintiff may show continuing adverse effects by showing that a "defendant's failure to comply with the ADA deters [him] from making use of the defendant's facility." *Id.* "But, to be deterred from making use of the defendant's facility, one must have a true desire to return to the facility but for the barriers." *Rutherford v. JC Resorts, LLC*, No. 19-CV-00665-BEN-NLS, 2020 WL 4227558, at *5 (S.D. Cal. July 23, 2020) (citing *D'Lil v. Best Western Encino Lodge & Suites*, 538 F.3d 1031, 1037-38 (9th Cir. 2008)).

Plaintiff alleges that he "will return to the Website to avail himself of its goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Car Rental and Website are accessible." *See* Compl. ¶ 26. Plaintiff also alleges that he is currently deterred from doing so because of his "knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website." *See id.* ¶ 27. Plaintiff's allegations regarding the Website, standing alone, are insufficient to confer standing under the ADA because the ADA only covers "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).

A barrier to accessing a website may be sufficient to give rise to a claim under the ADA where there is a sufficient nexus between the website and an actual physical place. For example, in *Robles v. Domino's Pizza, LLC*, the Ninth Circuit examined whether the ADA applied to Domino's website and app, which connect customers to the goods and services of Domino's physical restaurants. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905-06 (9th Cir. 2019). The plaintiff, who was blind, unsuccessfully tried to access the website and app using screen-reading software. The Ninth Circuit concluded that the ADA did apply in those circumstances, reasoning that because Domino's website and app are two of the primary and heavily advertised means of ordering Domino's products to be picked up at or delivered from Domino's restaurant, Domino's website and app facilitated access to the goods and services of Domino's physical restaurants. *See id.* at 905. The inaccessibility of the website therefore deprived the *Robles* plaintiff of access to Domino's goods and services at its physical restaurant.

1     Here, Plaintiff alleges facts showing a nexus between the Car Rental's Website and the
2     goods and services offered at the Car Rental's physical location. Specifically, he alleges that the
3     Website offers details about the Car Rental and its services, including rates and availability of
4     vehicles, and allows patrons to quickly book vehicles. Compl. ¶ 14. However, Plaintiff has not
5     shown that he has a true desire to patronize the Car Rental but for the Website's barriers. He does
6     not allege or provide evidence that he lives near the Car Rental, which is located in Fremont,
7     California, or that he has plans to travel in the proximity of the Car Rental. Plaintiff offers no
8     factual allegations or evidence to establish where he lives.

9     Decisions issued in other ADA suits filed by Plaintiff indicate that he lives in Florida. *See,*
10    *e.g., Gomez v. Tribecca, Inc.*, No. CV2006894DSFAFMX, 2022 WL 1469504 (C.D. Cal. May 10,
11    2022) (stating that Plaintiff has gone back and forth between his home in Miami, Florida); *see also*
12    *Gomez v. Corro*, No. 21-CV-07085-SI, 2022 WL 1225258 (N.D. Cal. Apr. 26, 2022) (stating that
13    Plaintiff lives in Miami, Florida). While this Court cannot take judicial notice of those decisions
14    for the truth of the statements regarding Plaintiff's residence, the Court can take judicial notice
15    that several other courts have determined Plaintiff's residence to be in Florida. In light of those
16    determinations, this Court took special care to review all of Plaintiff's materials to see if he has
17    established any basis to conclude that the alleged barriers in the Website create a 'real and
18    immediate threat of repeated injury' in the future.

19    Plaintiff has not shown any factual basis to conclude that he intends to patronize the Car
20    Rental in the future or is deterred from patronizing the Car Rental by the Website barriers. His
21    assertion that he is deterred from browsing the Website without showing a nexus to the physical
22    location of the Car Rental is not enough. Plaintiff thus has failed to establish Article III standing.
23    *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) ("The
24    district court properly dismissed Strojnik's ADA claim for lack of standing because Strojnik failed
25    to demonstrate an intent to return to defendant's hotel or that he was deterred from visiting
26    defendant's hotel."); *Rutherford v. JC Resorts, LLC*, No. 19-CV-00665-BEN-NLS, 2020 WL
27    4227558, at *5 (S.D. Cal. July 23, 2020) (holding that plaintiff lacked standing to pursue
28    injunctive relief under the ADA for failure to show a likelihood of future injury); *Gastelum v.*

5

*Canyon Hospitality LLC*, No. 17-CV-2792-PHX-GMS, 2018 WL 2388047, at *7 (D. Ariz. May 25, 2018) (same).

The Court concludes that Plaintiff has not established standing to seek injunctive relief under the ADA. Without subject matter jurisdiction over the ADA claim, the Court cannot exercise supplemental jurisdiction over the Unruh Act claim. The Court therefore will deny Plaintiff's motion for default judgment without prejudice.

**IV.   ORDER**

(1)   Plaintiff's motion for default judgment is DENIED without prejudice; and

(2)   This order terminates ECF 29.

Dated:  July 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge

6